UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARK DAVID and MARGARET GOODE** | **CIVIL CASE NO.**_____ |
| **VS** | **JUDGE JAMES DAVID CAIN, JR.** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **MAGISTRATE JUDGE KATHLEEN KAY** |

---

### COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT, through undersigned counsel, come Plaintiffs MARK DAVID and MARGARET GOODE, who respectfully represent:

1.

Made Defendant herein:

**STATE FARM FIRE AND CASUALTY COMPANY ("State Farm,")** a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State.

### JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

Plaintiffs are citizens of the State of Louisiana. On information and belief, State Farm is a corporation formed and headquartered in the State of Illinois. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

State Farm issued the policy of insurance upon which this suit is based to Plaintiffs, insuring their property located at 903 Village Court in Lake Charles, Louisiana. This Court has personal jurisdiction over State Farm.

**CAUSES OF ACTION**

6.

State Farm insured Plaintiffs under Policy No. 18-02-1434-4, which was in full force and effect on both August 27, 2020 and October 9, 2020.

7.

Plaintiffs' home suffered damage and diminution in value as a result of Hurricane Laura on August 27, 2020 and Hurricane Delta on October 9, 2020.

8.

On or about October 26, 2020, State Farm inspected the loss from Hurricane Laura and determined the total damage to the home to be $79,903.79 after application of depreciation and Plaintiffs' deductible. State Farm conducted several additional adjustments, increasing their estimate by $58,155.04 on February 4, 2021, by $35,098.19 on April 9, 2021, and by $103,291.19 on August 6, 2021. None of these estimates, however, took into account the full extent of Plaintiffs' hurricane losses.

9.

State Farm's adjustment(s) were unreasonably low and unrealistic and gave Plaintiffs no opportunity to conduct the repairs needed to return their home to its pre-hurricane condition.

10.

Plaintiffs provided State Farm with a satisfactory Proof of Loss via an estimate from Gadoury & Gadoury Associates Inc. that totaled Plaintiffs' repairs at $207,023.35 and was later augmented to $230,517.98, and sent a further estimate from 24 Hour Construction that totaled $301,417.85, reflecting the increases in cost of labor and materials due to State Farm's delay.

11.

Plaintiffs also have claims for loss of personal property and additional living expenses.

12.

La. R.S. 22:1892 states an insurer "shall pay the amount of any claim due any insured within thirty (30) days after receipt of satisfactory proofs of loss from the insured." State Farm failed to pay amounts due to its insured within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making State Farm liable to Plaintiffs for penalties, attorney's fees, and costs under La. R.S. 22:1892. State Farm had satisfactory proof of loss upon its initial inspections of the premises, yet unreasonably withheld accurate and defensible accountings of the full extent of the damages caused by the storms.

13.

Additionally, La. R.S. 22:1973 states that "failing to pay the amount of any claim due any person by the contract within sixty (60) days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" constitutes a breach of the insurer's duty of good faith and fair dealing. State Farm has violated this statutory obligation and duty in its dealings with Plaintiffs, also.

14.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like State Farm is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." State Farm has misrepresented pertinent facts and insurance policy provisions in its dealings with Plaintiffs by representing that the original estimates were a fair estimate of the damages.

15.

State Farm's failure to fairly and promptly adjust the full extent of Plaintiffs' claim has caused contractual and extra-contractual damages to Plaintiffs in the form of contents; additional time delays associated with repairing their dwelling; grief, mental anguish, and worry from dealing with an insurance claim and uncertainty as to whether they would have the funds necessary to repair their home; and, other associated damages caused by State Farm's delay, including attorney's fees and costs.

16.

State Farm knew or should have known that its failure to timely pay Plaintiffs' insurance claims prevented Plaintiffs from living in and repairing their home, and should have known that its failure to pay Plaintiffs' insurance claims would cause them grief, mental anguish, and worry.

17.

WHEREFORE, MARK DAVID and MARGARET GOODE pray that there be judgment in their favor against STATE FARM FIRE AND CASUALTY COMPANY as follows:

(1) Finding STATE FARM liable to MARK DAVID and MARGARET GOODE for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding same to MARK DAVID and MARGARET GOODE;

(2) Awarding MARK DAVID and MARGARET GOODE general damages caused by STATE FARM'S breach of its duty of good faith and fair dealing;

(3) For specific damages and general damages, including but not limited to diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid; and

(4) For any and all other relief that is justified under law and equity.

Respectfully submitted,

LUNDY, LUNDY, SOILEAU & SOUTH, LLP

/s/ Hunter W. Lundy
Hunter W. Lundy (#8938)
Matthew E. Lundy (#18988)
T. Houston Middleton, IV (#33281)
Daniel Kramer (#34624)
501 Broad Street (70601)
P.O. Box 3010
Lake Charles, LA 70602-3010
(337) 439-0707 - Telephone
(337) 439-1029 - Facsimile
*Attorneys for the Plaintiffs, Mark David and Margaret Goode*

**SERVICE INSTRUCTIONS:**

**STATE FARM FIRE AND CASUALTY COMPANY**
Through its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809